Filed 9/4/25  P. v. Martinez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>COAUHTEMOC MARTINEZ,<br><br>    Defendant and Appellant. | G065170<br><br>(Super. Ct. No. 23CF1961)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge. Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*   \*   \*

Defendant Coauhtemoc Martinez appeals from a final judgment following a jury verdict finding him guilty of committing a lewd act against a child under 14. Appointed appellate counsel for Martinez filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case. Citing *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel also identified potential issues to assist in our independent review. Martinez was provided 30 days to file a supplemental brief on his own behalf but did not do so.

After an examination of the entire record and counsel's *Wende/Anders* brief, we have found no reasonably arguable issue. (See *Wende, supra*, 25 Cal.3d at pp. 441–443.) We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Martinez and J.I. shared custody of their child, V., who was about 12 years old in the summer of 2023. V. spent alternate weeks with each of her parents. When at Martinez's house, V. shared a bed with him.

On July 2, 2023, V. stayed overnight at Martinez's house. When V. asked Martinez to turn on the air conditioning because of the heat, he told her to take off her clothes. V. complied and took off her shirt and shorts because Martinez would get very angry if he did not get his way. Martinez also asked her to remove her underwear. Martinez was wearing only boxer shorts, and asked V. to come close to him as they lay on the bed. Martinez draped his arm over V.'s shoulders. He then grabbed V.'s hand and guided her hand up and down on his penis, which was inside his boxers. V. heard Martinez breathing heavily and felt something sticky on her hand. Martinez then got on top of V. and rubbed his penis against V.'s vaginal area, moving up and down, but he did not penetrate her.

Martinez told V. she could watch movies involving sex since she knew how people did it. He said he would show her how people had sex so she could practice and be prepared in the future.

The next day, V. told her mother what had happened, and her mother took her to the police station. On July 4, the police went to V.'s home, and, at their request, she texted Martinez; his responses implicated him. Martinez called her about an hour later; the call was recorded, and V. said what the police asked her to say. Martinez's statements further implicated him.

Deleted text messages between V. and Martinez from after the incident, but before her mother picked her up, were later recovered. V. testified she sent these messages to confirm what had actually happened to her and to have proof if she needed it later.

In his defense, Martinez offered testimony of a family friend who saw Martinez and V. at a birthday party on July 2, 2023. The witness thought V. seemed upset and displayed an attitude with Martinez because Martinez was limiting time on her devices.

Martinez was charged with one count of committing a lewd act on a child under 14. (Pen. Code, § 288, subd. (a).) The information alleged substantial sexual conduct with a child (*id.*, § 1203.066, subd. (a)(8)), and an aggravating factor that Martinez had taken advantage of a position of trust and confidence (Cal. Rules of Court, rule 4.421(a)(11)).[1]

---

[1] A second aggravating factor—that the victim had been particularly vulnerable—was dismissed on the People's motion after trial. (Cal. Rules of Court, rule 4.421(a)(3).)

3

The case was tried to a jury, which found Martinez guilty, and found true the allegations of substantial sexual conduct with a child and that Martinez took advantage of a position of trust and confidence.

The trial court found that Martinez was ineligible for probation under Penal Code section 1203.066, subdivision (a)(8), but would have denied probation if it had discretion. The court sentenced Martinez to the upper term of eight years, finding the aggravating factors outweighed mitigating factors and it was not in the interests of justice to impose a lower term. The court also imposed a restitution fine of $300 (*id.*, § 1202.4, subd. (b)), a suspended parole revocation restitution fine of $300 (*id.*, § 1202.45), a court operations fee of $40 (*id.*, § 1465.8), a criminal conviction assessment fee of $30 (Gov. Code, § 70373), and a sex offender registration fine of $300 (Pen. Code, § 290.3). The court reserved jurisdiction for direct restitution. The court also ordered Martinez to register as a sex offender for 20 years (*id.*, § 290, subd. (d)(2)(a)) and awarded him a total of 88 days of credit. Martinez timely filed a notice of appeal.

ANALYSIS

Martinez's appellate counsel suggests we consider whether the trial court abused its discretion by imposing the upper term sentence. The court sentenced Martinez to the upper term of eight years based on its finding that the aggravating factors outweighed the mitigating factors and noted it was not in the interests of justice to impose a lower term. The court's findings are amply supported by the record. Martinez forced his own child, then 12 years old, to masturbate him using the threat of becoming angry and the promise of rewards of adult movies and knowledge about sex.

The jury's guilty verdict and true findings were fully supported by substantial evidence. The abstract of judgment is consistent with the

4

court's judgment. All fees and fines assessed against Martinez are appropriate.

The trial court did not err in denying Martinez's request for a trial continuance on the first day of trial, which was based on Martinez's desire to hire a retained attorney. The court did not abuse its discretion in denying Martinez's *Marsden*[2] motion (*People v. Loya* (2016) 1 Cal.App.5th 932, 944), and the denial was harmless beyond a reasonable doubt (*id.* at p. 945). Martinez also expressed a desire to represent himself, but he never completed the *Faretta*[3] waiver form. (See *People v. Best* (2020) 49 Cal.App.5th 747, 765-766 (dis. opn. of Brown, J.) [purpose of using *Faretta* waiver form and going over that form with the defendant is to ensure the defendant understands what will be expected if they choose to represent themself].) The court's indication that it would not allow Martinez to represent himself as a "stopgap" until he could hire private counsel did not violate his right to self-representation under the Sixth Amendment to the United States Constitution. (See *People v. Burton* (1989) 48 Cal.3d 843, 852-853 [unless request for self-representation is made a reasonable time before trial, the trial court has discretion to deny the request and should consider factors including the reason for the self-representation request and any disruption or delay that might be caused].)

After an independent review of the entire appellate record, we find no reasonably arguable issue. We therefore affirm the judgment.

---

[2]  *People v. Marsden* (1970) 2 Cal.3d 118.

[3]  *Faretta v. California* (1975) 422 U.S. 806, 807.

## DISPOSITION

The judgment is affirmed.


BANCROFT, J.*

WE CONCUR:


MOORE, ACTING P.J.


DELANEY, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.